UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

DERRICK HAMBY,

            Plaintiff,

v.

UNKNOWN ROGERS et al.,

            Defendants.
_____/

Case No. 2:18-cv-154

Honorable Robert J. Jonker

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss all claims against Defendant Corrigan and Plaintiff's Eighth Amendment claims against Defendants Rogers and Thompson. The only claims that remain are Plaintiff's First Amendment retaliation claims against Defendants Rogers and Thompson.

**Discussion**

I.  Factual allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Corrections Officer Unknown Rogers, Resident Unit Manager S. Thompson, and Assistant Deputy Warden Jamie Corrigan.

Plaintiff alleges that on July 6, 2018, he sent a health care kite complaining of a lower back injury, which caused severe pain and limited his mobility and range of motion. On July 7, 2018, Plaintiff was leaving the food service area and attempted to throw a paper napkin in the trash. Plaintiff missed the trash and the napkin fell on the floor. At this point, Defendant Rogers noticed and ordered Plaintiff to pick up the napkin. Plaintiff explained that he could not bend over to pick up the napkin because he was suffering from a back injury. Defendant Rogers responded, "[O]h fucking well do it anyway." (ECF No. 1, PageID.4.) Plaintiff protested that the order was unreasonable given his injury, and that he planned on filing a grievance. Defendant Rogers stated, "[O]h you['re] threatening to write a grievance on me Hamby?" *Id.* Plaintiff stated that he was going to write the grievance because complying with Defendant Rogers' order would cause him further injury. Defendant Rogers then stated, "Fuck your grievance and for threatening to write me up I'm going to file a misconduct on you for disobeying a direct order." *Id.* Plaintiff walked away.

On July 8, 2018, Plaintiff was reviewed on the false misconduct ticket, which was a class II misconduct, by Defendant Rogers. On July 10, 2018, Plaintiff was seen in health care by Nurse Amy L. MacDowell, who issued Plaintiff a hot water bottle. On the same day, Plaintiff

had a hearing on the misconduct ticket by Defendant Thompson, Defendant Thompson told Plaintiff that he did not care about Plaintiff's evidence and that, next time, Plaintiff would think twice about threatening to file a grievance against an officer.

Plaintiff states that Defendants' conduct violated his rights under the First and Eighth Amendments. Plaintiff seeks compensatory and punitive damages, as well as equitable relief.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the

*Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### III. Eighth Amendment

Plaintiff asserts that Defendant Rogers violated his Eighth Amendment rights because the misconduct ticket he wrote led to Plaintiff being confined in his cell for two days on top lock. Plaintiff states that this prevented him from moving around and slowed Plaintiff's recovery from his back injury.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for

4

prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)). Plaintiff's allegations that he was confined to his cell for two days do not rise to the level of an Eighth Amendment violation. Therefore, this claim is properly dismissed.

IV.  Retaliation

Plaintiff claims that Defendants Rogers, Thompson, and Corrigan retaliated against him in violation of his First Amendment rights with regard to the allegedly false class II misconduct. Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

5

An inmate has a right to file "non-frivolous" grievances against prison officials on his own behalf, whether written or oral. *Maben v. Thelen*, 887 F.3d 252, 265 (6th Cir. 2018); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment."); *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006) ("[W]e decline to hold that legitimate complaints lose their protected status simply because they are spoken."); *see also Pasley v. Conerly*, 345 F. App'x 981, 985 (6th Cir. 2009) (finding that a prisoner engaged in protected conduct by *threatening* to file a grievance). "Nothing in the First Amendment itself suggests that the right to petition for redress of grievances only attaches when the petitioning takes a specific form." *Holzemer v. City of Memphis*, 621 F.3d 512, 521 (6th Cir. 2010) (finding that a conversation constituted protected petitioning activity) (quoting *Pearson*, 471 F.3d at 741). Therefore, Plaintiff has satisfied the first requirement for stating a retaliation claim under the First Amendment.

Determining whether an action is adverse for purposes of a retaliation claim is an objective determination, and does not depend on how a particular plaintiff reacted. The relevant question is whether the defendants' conduct is "*capable* of deterring a person of ordinary firmness"; the plaintiff need not show actual deterrence. *Bell v. Johnson*, 308 F.3d 594, 606 (6th Cir. 2002) (emphasis in original). [S]ome adverse actions are so de minimis that they do not give rise to constitutionally cognizable injuries. *Id*. at 603. "[I]t would trivialize the First Amendment to allow plaintiffs to bring First Amendment retaliation claims for any adverse action no matter how minor." *Id*. (internal quotations omitted). "Whether an alleged adverse action is sufficient to deter a person of ordinary firmness 'is generally a question of fact,' but when the alleged adverse action is 'inconsequential' resulting in nothing more than a 'de minimis injury,' the claim is

properly dismissed as a matter of law." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583, 84 (6th Cir. 2012) (citing *Bell*).

> When deciding whether the issuance of a misconduct ticket rises to the level of an adverse action, we look to both the punishment Maben could have faced and the punishment he ultimately did face. *See Scott v. Churchill*, 377 F.3d 565, 572 (6th Cir. 2004) ("[T]he mere potential threat of disciplinary sanctions is sufficiently adverse action to support a claim of retaliation."); *Brown v. Crowley*, 312 F.3d 782, 789 (6th Cir. 2002) (looking to what the prisoner "could have been sentenced to . . . if he had been found guilty"). The sanctions that Maben faced for a Class II misconduct included: "[t]oplock (confinement to quarters), not to exceed five days . . . ."; loss of privileges for up to 30 days; assignment of extra duty; and, restitution and/or disgorgement. (Maben Br., Disciplinary Sanctions, SA21; R. 13-2, Misconduct Hearing, PageID # 67.) The actual punishment resulting from Maben's misconduct hearing was loss of privileges for seven days. These privileges included the rights to access exercise facilities, to attend group meetings (including Bible class), to use the telephone, to have visitors, to access the general library, and to access the activity room.
>
> In *Hill v. Lapin*, this Court found that "actions that result in more restrictions and fewer privileges for prisoners are considered adverse." 630 F.3d 468, 474 (6th Cir. 2010). In *Noble v. Schmitt*, this Court denied qualified immunity where the conduct at issue was that "Defendants restricted his privileges after he filed a considerable number of grievances against them." 87 F.3d 157, 162 (6th Cir. 1996). In *Harbin–Bey v. Rutter*, when concluding that the prisoner suffered no adverse action, the Court noted that the prisoner "did not lose any privileges as a result of the [Notice of Intent to Conduct an Administrative Hearing]." 420 F.3d 571, 579 (6th Cir. 2005).
>
> In other cases, we have found sufficiently adverse punishments that were "at least as severe as" the one imposed here, including confiscating legal papers and other property, *Bell*, 308 F.3d at 604, subjecting the prisoner to retaliatory cell searches, *id*., and damaging a prisoner's typewriter, *LaFountain v. Harry*, 716 F.3d 944, 948-49 (6th Cir. 2013); *see also Watson v. Rozum*, 834 F.3d 417, 423 (3d Cir. 2016) ("[E]ven though his Class I misconduct was reduced to a Class II misconduct at his hearing, Watson lost his radio as a result and the Class II misconduct became part of his prison record. This is substantially more than a *de minimis* consequence for someone confined in a prison cell."); *Barr v. Diguglielmo*, 348 Fed.Appx. 769, 774 (3d Cir. 2009) (finding an adverse action where a prisoner "was prohibited from participating in *any* prison activities (including religious activities . . .)"); *Reynolds v. Green*, 25 F. App'x. 256, 261 (6th Cir. 2001) (finding an adverse action where a prisoner was transferred from a facility where he could "come and go with permission," to a facility where he could not); *Hall v. Sutton*, 755 F.2d 786, 787-88 (11th Cir. 1985) (holding that an inmate stated a First Amendment retaliation claim based upon the confiscation of his tennis shoes). *But see Ingram v. Jewell*, 94

> F. App'x. 271, 273 (6th Cir. 2004) (finding that a loss of fourteen days of privileges did not constitute adverse action).
>
> In all, the deprivation of privileges is hardly "inconsequential"—indeed, they are all that prisoners really have. Furthermore, the issuance of the minor misconduct ticket subjected Maben to the risk of even more significant sanctions, including confinement to his cell, which is certainly not "inconsequential." *See Hill*, 630 F.3d at 474. Because this case did not involve *de minimis* retaliatory action, this question cannot be resolved as a matter of law. It is for the factfinder to decide whether the deprivation of those privileges "poses a sufficient deterrent threat to be actionable." *Bell*, 308 F.3d at 603.

*Maben v. Thelen*, 887 F.3d at, 266-67, *reh'g denied* (Apr. 19, 2018). Therefore, in light of the Sixth Circuit's decision in *Maben*, Plaintiff has met the second requirement for setting forth a valid retaliation claim.

Finally, the Court notes that Plaintiff has failed to satisfy the third requirement for a valid retaliation claim with regard to Defendant Corrigan. As noted above, a plaintiff must show that a defendant's adverse action was motivated, at least in part, by the plaintiff's protected conduct. Plaintiff merely alleges that Defendant Corrigan denied his misconduct appeal. Therefore, Plaintiff's retaliation claim against Defendant Corrigan is properly dismissed. However, as stated above, Plaintiff has alleged that Defendants Rogers and Thompson both made statements indicating that Plaintiff received the misconduct and was found guilty because he had threatened to file a grievance. Therefore, the Court concludes that Plaintiff's retaliation claims against Defendants Rogers and Thompson are nonfrivolous and may not be dismissed on initial review.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that all claims against Defendant Corrigan and Plaintiff's Eighth Amendment

claims against Defendants Rogers and Thompson will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

An order consistent with this opinion will be entered.


Dated: ___December 27, 2018___          /s/ Robert J. Jonker_____
                                                              ROBERT J. JONKER
                                                              CHIEF UNITED STATES DISTRICT JUDGE