UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DERRICK HAMBY #254713,

    Plaintiff,

v.

JAMES ROGERS and
SHANE THOMPSON,

    Defendants.

_____/

Case No. 2:18-cv-00154

Hon. Robert J. Jonker
U.S. District Judge

## REPORT AND RECOMMENDATION

### Introduction

This is a civil rights action brought by state prisoner Derrick Hamby pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on August 13, 2018. He alleged that Defendants violated his rights while he was confined at the Chippewa Correctional Facility (URF) in Kincheloe, Michigan. (ECF No. 1.) The alleged violations occurred when (1) Defendant Rogers filed a retaliatory Misconduct Report against Plaintiff, (2) Defendant Thompson refused to document Plaintiff's statements during the misconduct hearing, and (3) Warden Corrigan denied Plaintiff's appeal without "reviewing all relevant factors" included therein. (ECF No. 1, PageID.5.)

In its December 27, 2018 screening opinion, this Court dismissed all of Plaintiff's claims with the exception of his First Amendment retaliation claims against Defendants Rogers and Thompson. (ECF No. 4.)

Defendants then filed a motion for summary judgment on the basis that Plaintiff failed to exhaust his available administrative remedies pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). (ECF No. 16.) Plaintiff filed a response (ECF No. 19) as well as a motion to amend (ECF No. 20).[1]

The undersigned respectfully recommends that this Court grant Defendants' Motion for Summary Judgment due to Plaintiff's failure to exhaust his administrative remedies.

## Relevant Facts and Plaintiff's Allegations

Plaintiff's remaining claims are (1) that Defendant Rogers filed a Misconduct Report against him in retaliation for his threat to file a grievance against Rogers, and (2) that Defendant Thompson found him guilty of the Misconduct Report in retaliation for Plaintiff's threat to file a grievance against Defendant Rogers. (ECF No. 1, PageID.5.)

The events giving rise to Plaintiff's complaints began on July 7, 2018, when Plaintiff attempted to throw a paper napkin in the trash but missed. Defendant Rogers directed Plaintiff to pick up the napkin. The day before, Plaintiff had filed a medical kite complaining of a back injury. (*Id.* at PageID.4.) Plaintiff asserts that, as witnessed by another prisoner (ECF No. 1-1), he attempted to explain to Defendant

---

[1] The undersigned denied Plaintiff's Motion to Amend in an order filed on June 26, 2019. (ECF No. 23.) Even had the undersigned granted the motion to amend, it would have no bearing on Defendant's Motion for Summary Judgment as the motion to amend raised new claims against Defendants Rogers and Thompson and sought the addition of a third party.

Rogers that he could not bend to pick the napkin up because he had recently suffered a lower back injury (ECF No. 1, PageID.4).  When Defendant Rogers continued to direct Plaintiff to pick up the napkin despite Plaintiff's explanation, Plaintiff told Defendant Rogers that he would file a grievance against him.  (*Id.*)  After Plaintiff refused to pick up the napkin, Defendant Rogers filed a Class II Misconduct Report against him for disobeying a direct order.  Plaintiff claims Rogers wrote this Misconduct Report in retaliation for Plaintiff's threat to file a grievance. (*Id.*)

On July 10, 2018, Plaintiff was examined by a URF nurse in response to the aforementioned medical kite he filed on July 6.  (*Id.*)  Following the examination, Plaintiff was called to a Misconduct Hearing for the Class II Misconduct Report that Defendant Rogers had filed against him.  During this hearing, Defendant Thompson allegedly refused to hear or record any of Plaintiff's statements, found Plaintiff guilty, and said, "maybe next time you'll think twice before threatening to file a grievance against a[n] officer."  (*Id.* at PageID.5.)  A portion of Defendant Rogers' Class II Misconduct Report against Plaintiff is shown below.

| MICHIGAN DEPARTMENT OF CORRECTIONS | | | | CSJ-228 |
|---|---|---|---|---|
| MISCONDUCT REPORT | | | Rec'v'd | 10/10  4835-3228 |
| Prisoner Number: 254713 | Prisoner Name: Hamby | Facility Code: URF | Lock: H-142 | Violation Date: 7-7-2018 |
| Time and Place of Violation: 1803hrs.  West Small Yard. | | Contraband Removal Record Provided to Prisoner? ☐ Yes  Date _____ | | ☒ N/A |
| Misconduct Class: ☐ I ☒ II ☐ III | Charge(s): Disobeying a Direct Order. | | | |

Describe Violation (if contraband involved, describe in detail; identify any other employee witnesses):
I directly observed Inmate Hamby #254713 throw paper napkins on the ground. With direct eye-contact from a distance of six feet I ordered Hamby to pick up the napkins and place them in a nearby trash can. Hamby Stated to this officer, "Nope, I ain't doing that." At no time did Hamby comply with my order. Hamby Identified by his M.D.O.C. Identification Card and the H-Unit Count Board.

| Reporting Staff Member's Name (Print) C.O. Rogers | Reporting Staff Member's Signature | Date and Time Written 7-7-2018  2128hrs. |
|---|---|---|

(ECF No. 1-1, PageID.13.)

3

Defendant Thompson found Plaintiff guilty and sentenced him to two days toplock.[2] A portion of Defendant Thompson's subsequent Hearing Report is shown below.

> **Reasons for findings:**
> Prisoner Hamby is found guilty based on his and C/O Rogers statements. This respondent finds C/O Rogers to be credible in observing Prisoner Hamby throw a napkin on the ground and not pick it up as instructed.
>
> **FINDINGS**
>
> | | Guilty | Not Guilty | Dismissed | |
> |---|---|---|---|---|
> | Charge 1 | ☒ | ☐ | ☐ | CMIS Code 429 |
> | Charge 2 | ☐ | ☐ | ☐ | CMIS Code ___ |
> | Charge 3 | ☐ | ☐ | ☐ | CMIS Code ___ |
> | Charge 4 | ☐ | ☐ | ☐ | CMIS Code ___ |
>
> **SANCTIONS (Hearing Investigator enters begin and end dates)**
> 2   Days Toplock   Begins: 7/14/8   Ends: 7/16/8   ☐ Counseling/Reprimand (Class III only)
> ___ Days Loss of Privileges   Begins: ___   Ends: ___
> ___ Hours Extra Duty   Begins: ___   Ends: ___    ☐ $___ Restitution (Class II only)
> Property Disposition if Applicable: ___
> Misconduct Hearing Report given to Hearing Investigator for Delivery to Prisoner this date: ___
>
> | Hearing Officer's Name (Print) | Hearing Officer's Signature | Hearing Date |
> |---|---|---|
> | RUM S. THOMPSON | [signature] | 7/10/18 |
> | Hearing Investigator's Name (Print) | Hearing Investigator's Signature | Date |
> | W. Durant | [signature] | 7/12/18 |
>
> Distribution: Counselor File; Record Office File (Class II); Prisoner

(ECF No. 1-1, PageID.15.)

Plaintiff then filed an appeal. Plaintiff stated the following in support of his appeal:

> The administrative hearings officer did not conduct the hearing in accordance to those provisions set forth thereunder PD 03.05.105-A, "Administrative hearings for prisoners," LARA Administrative Rule(s) 791.4410, 791.3310, 792.11902, 792.11903, Const. 1963 Art. I, §§ 2, 19 "Equal Protection of the Laws and Due Process and fundamental fairness during investigations; M.C.L.A § 791.203. The Hearing Officer intentionally failed to investigate writer's actual innocence claimed defense when he, being the convening authority over the matter refused

---

[2] Toplock is confinement to quarters. *See Maben v. Thalen*, 887 F.3d 252, 266 (6th Cir. 2018).

4

> to call health care to obtain from the medical provider as to whether or not the accused claimed defense of suffering from sciatic nerve damage is validated by medical records and modes of various medical treatment provisions prescribed by said medical provider concerning writer's disability.  Instead, the hearing officer rendered a finding of guilt and imposed disciplinary sanctions against writer absent being acquainted with the material facts of his claims of actual innocence as a defense to the charged offense cited in the Misconduct Report.  Pursuant to LARA Administrative Rule 791.4410 and 791.3310, an accused has a constitutional right to be present at the hearing; he further has the right to present relevant evidence on his behalf supporting his actual innocence claims as a defense to the charges levied against him; and pursuant to the administrative rules cited above, the hearing officer owed a fiduciary duty to contact witnesses, investigate the accused's defense claim against the charged offense; and by this hearing officer refusing to at minimum contact the medical provider to obtain from said medical provider if in fact writer's disability did or did not prevent him from complying with the orders of the reporting officer.  Instead, simply finding writer guilty of the offense charged did create material prejudice to writer, and that the hearing officers decision was not supported by a preponderance of the evidence presented and on the record.  For the reasons stated above, the charges shall not be able to stand and this misconduct should be expunged from the writer's prisoner record and reinstate his privileges forthwith.

(ECF No. 17-3, PageID.78.)

Plaintiff now asserts that no further administrative remedies were available to him, first, because Defendant Thompson would not allow him to state his complaints or provide evidence concerning the Class II Misconduct Report that Defendant Rogers filed against him, and, second, because Defendant Thompson's decision was non-grievable.  (ECF No. 19, PageID.86.)

Plaintiff's appeal was denied.  (PageID.78.) Plaintiff then filed this civil rights action against Defendants.

## Summary Judgment Standard

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005).  The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005).  The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

## Exhaustion of Administrative Remedies

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove.  *Jones v. Bock*, 549 U.S. 199, 212-16 (2007).  A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial.  *Morris v. Oldham Cnty. Fiscal*

*Court*, 201 F.3d 784, 787 (6th Cir. 2000); *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "[W]here the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The Sixth Circuit has repeatedly emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Cockrel*, 270 F.3d at 1056 (citing 11 James William Moore, et al., *Moores Federal Practice* § 56.13[1], at 56-138 (3d ed. 2000)). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner

may not be able to obtain the specific type of relief he seeks in the state administrative process.  *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones*, 549 U.S. at 218-19; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).   In rare circumstances, an administrative process will be considered unavailable where officers are unable or consistently unwilling to provide relief, where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it, or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 578 U.S. ___, 136 S.Ct. 1850, 1859-60 (2016).

"Beyond doubt, Congress enacted [Section] 1997e(a) to reduce the quantity and improve the quality of prisoner suits." *Porter*, 534 U.S. at 524.  In the Court's view, this objective was achieved in three ways.  First, the exhaustion requirement "afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case."  *Id*. at 525.  Second, "the internal review might 'filter out some frivolous claims.'" *Id*. (quoting *Booth*, 532 U.S. at 737*).*  And third, "adjudication could be facilitated by an administrative record that clarifies the contours of the controversy." *Id*.  When institutions are provided adequate notice as required under the PLRA, the opportunity to address the claims internally furthers the additional goals of limiting judicial interference with prison

8

administration and reducing the quantity of prisoner suits. *Baker v. Vanderark*, 2007 U.S. Dist. LEXIS 81101 at *12.

Michigan Dept. of Corrections (MDOC) Policy Directive 03.02.130 (effective on July 9, 2007, superseded on March 18, 2019), sets forth the applicable administrative procedures for prisoners in MDOC custody at the time relevant to this complaint. While the most common avenue for prisoners exhausting their administrative remedies is the grievance process, some issues concerning prison conditions, such as those that arise out of Misconduct Reports and Hearings, are non-grievable.  Where the grievance procedures are not available because the issue presented is non-grievable, exhaustion of prison grievance procedures is not required.  *Figel v. Bouchard*, 89 F. App'x 970, 971 (6th Cir. 2004); *Mays v. Kentucky Dept. of Corrections*, 2018 WL 4603153, at *3 (W.D. Ky. Sept. 25, 2018); *Reeves v. Hobbs*, 2013 WL 5462147 (W.D. Ark. Sept. 3, 2013) ("Defendants cannot treat a complaint as non-grievable, and therefore not subject to the grievance procedure, and then turn around and maintain the claim fails because [the plaintiff] failed to follow the grievance procedure.  As the well-known proverb states, they cannot have their cake and eat it too."). However, where other administrative remedies are available, the prisoner is required to exhaust those available remedies prior to filing a federal lawsuit.

Issues concerning Misconduct Reports and Hearings are among those that have a separate administrative process through which a prisoner is required to exhaust. For example, where an inmate claims that he received a retaliatory false

9

Misconduct, whether a Class I Misconduct or a Class II or III Misconduct[3], the inmate must first raise the issue during the Misconduct Hearing. *Siggers v. Campbell*, 652 F.3d 681, 693-94.  If the inmate is claiming to have received a retaliatory Class I Misconduct, he or she must then "file a motion or application for rehearing [of his or her misconduct conviction] in order to exhaust his or her administrative remedies before seeking judicial review of the final decision or order." Mich. Comp. Laws § 791.255(1); *see also Parker v. Gainer*, W.D. Mich. Case No. 1:16-cv-1302, ECF No. 67 at PageID.337 (April 2, 2018) (citing *Siggers*, 652 F.3d at 693-94).  Alternatively, if the inmate is claiming to have received a retaliatory Class II or III Misconduct, he or she must file an appeal based on retaliation.  MDOC PD 03.03.105 ¶¶ UUU-XXX; see also *Jones v. Heyns*, 2014 U.S. Dist. LEXIS 55712 at *13-17 (W.D. Mich. Jan. 28, 2014).

## Analysis

Plaintiff alleges that Defendant Thompson — the hearing officer on Rogers' Class II Misconduct Report against Plaintiff — suppressed and/or ignored Plaintiff's evidence and arguments in retaliation for Plaintiff's threat to write a grievance on Defendant Rogers. After Defendant Thompson found Plaintiff guilty of Roger's

---

[3] Violations of written rules within the MDOC are classified as either Class I, Class II or Class III Misconducts. Class I consists of the most severe violations, and Class III consists of the least severe.  While Class I Misconducts are considered "major" misconducts and are "subject to all hearing requirements set forth in MCL 791.252", Class II and III Misconducts are considered "minor" misconducts and are "subject to all requirements currently set forth in Department Administrative Rules and policy directives for 'minor' misconducts."  MDOC Policy Directive (PD) 03.03.103 ¶ B (eff. date 07/01/18).

Misconduct Report, Plaintiff appealed Thompson's ruling. Plaintiff's appeal included numerous complaints about how Thompson handled the Misconduct Report. But, at no point in the appeal document does Plaintiff allege, or even hint at, retaliation by Thompson. One of the primary purposes of the exhaustion requirement is to allow prison officials an opportunity "to address complaints internally before allowing the initiation of a federal case." *Porter*, 534 U.S. at 525. Here, Plaintiff failed to give prison officials any opportunity to address Plaintiff's retaliation claims against Thompson. Accordingly, the undersigned respectfully recommends that this Court find that Plaintiff's claim against Thompson was not properly exhausted within the Misconduct Hearing system before initiation of a federal lawsuit.

Plaintiff's claim against Defendant Rogers has one additional layer of complexity: Plaintiff asserts in his response to Defendants' Motion for Summary Judgment that he told the hearing officer who conducted the hearing on Rogers' Misconduct Report — again, that was Defendant Thompson — that Rogers had retaliated against him. (ECF No. 19, PageID.85.) As an initial matter, this claim appears incredible for the simple reason that Plaintiff failed to mention this concern in his rather extensive appeal request. But, even if Plaintiff's claim is credited, he has not exhausted his administrative remedies. Plaintiff still had another level of review available to him in the prison — he could seek appellate review of the hearing officer's decision. He did so here but did not identify retaliation by Rogers as one of his concerns. Prison officials cannot address concerns that are not brought to their attention. And, here, Plaintiff did not bring his concern to the attention of anyone

11

other than a hearing officer he now claims was also involved in retaliation. Thus, the undersigned respectfully recommends that this Court find that Plaintiff's claim against Rogers was not exhausted before he initiated his federal lawsuit.

### Recommendation

I respectfully recommend that that this Court grant Defendants' Motion for Summary Judgment due to Plaintiff's failure to properly exhaust his administrative remedies. (ECF No. 16.) The record shows that Plaintiff did not raise retaliation within his Misconduct Hearing or appeal, and that Plaintiff instead maintained a defense of actual innocence based on his injury. Acceptance of this recommendation will result in the dismissal of this case.

NOTICE TO PARTIES: Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 27, 2019                                      /s/ *Maarten Vermaat*
                                                                                  MAARTEN VERMAAT
                                                                                  U. S. MAGISTRATE JUDGE