UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


DERRICK HAMBY,

        Plaintiff,

                                CASE NO. 2:18-CV-154

v.

                                HON. ROBERT J. JONKER

JAMES ROGERS and
SHANE THOMPSON,

        Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Vermaat's Report and Recommendation in this matter (ECF No. 24) and Plaintiff's Objections (ECF No. 25). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE, § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's Objections. The Court finds the Magistrate

Judge's Report and Recommendation, which recommends granting Defendants' motion for summary judgment based on lack of exhaustion (ECF No. 16) factually sound and legally correct as supplemented by this Order.

Plaintiff premises his retaliation claim against Defendant Rogers on the issuance of a misconduct ticket for Plaintiff's refusal to obey an instruction to pick up a napkin Plaintiff had left on the floor. According to Plaintiff, instead of following the instruction, Plaintiff attempted to explain that he had a back injury and could not bend down, but Defendant Rogers continued to insist that he pick up the napkin. Plaintiff told Defendant Rogers he intended to file a grievance, and Defendant Rogers issued a Class II misconduct ticket for disobeying a direct order. Defendant Thompson conducted the misconduct hearing that ensued. Plaintiff alleges that Defendant Thompson refused to consider Plaintiff's statements and evidence; found Plaintiff guilty; and told Plaintiff he should "think twice before threatening to file a grievance." (ECF No. 1, PageID.4.)[1] Plaintiff claims that Defendant Rogers filed the original misconduct ticket, and Defendant Thompson found him guilty of the misconduct, in retaliation for Plaintiff's threat to file a grievance against Defendant Rogers.

The Magistrate Judge carefully and thoroughly considered the record and applicable law. As the Report and Recommendation details, Plaintiff failed to exhaust his claims. The unrebutted record reflects that Plaintiff appealed Defendant Thompson's decision upholding the misconduct ticket, and that Plaintiff said nothing about retaliation by either Defendant in the appeal he filed. Nor did Plaintiff file a separate grievance alleging retaliation by either Defendant.[2] Accordingly,

---

[1] A more thorough discussion of Plaintiff's factual allegations appears in the Report and Recommendation, ECF No. 16, at PageID.124-127.

[2] Case law points in different directions regarding whether a claim of retaliation based on an allegedly retaliatory misconduct ticket must be raised in the misconduct process or instead through a separate grievance. *Compare Siggers v. Campbell*, 652 F.3d 681 (6th Cir. 2011) (requiring prisoner alleging issuance of retaliatory misconduct ticket to raise the issue of retaliation in the misconduct hearing and appeal process) and *Reynolds-Bey v. Harris*, 428 F. App'x 493, 500-01 (6th Cir. 2011) (suggesting that the filing of retaliatory misconduct reports is a grievable issue under

2

Plaintiff failed to exhaust his retaliation claims against Defendants Rogers and Thompson. For these and the other reasons detailed in the Report and Recommendation, summary judgment in favor of Defendants Rogers and Thompson based on lack of exhaustion is proper.

**ACCORDINGLY, IT IS ORDERED**:

1. The Report and Recommendation (ECF No. 24) is approved and adopted as the opinion of the Court.

2. Defendants Rogers and Thompson's Motion for Summary Judgment (ECF No. 16) is **GRANTED**.

3. For the same reasons that the Court dismisses Plaintiff's claims, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997) (overruled on other grounds by *Jones v. Bock*, 549 U.S. 199 (2007)).

Dated: __March 18, 2020__  /s/ Robert J. Jonker
ROBERT J. JONKER
CHIEF UNITED STATES DISTRICT JUDGE

---

MDOC policy directives). The Court need not attempt to resolve any apparent discrepancy between *Siggers* and *Reynolds-Bey* here, because Plaintiff neither pursued an appeal of the misconduct ticket and finding of guilt through the final stage of the appeal process nor filed a separate grievance.